833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald L. COLEMAN, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 87-3155.
 United States Court of Appeals, Federal Circuit.
 Oct. 20, 1987.
 
 Before MARKEY, Chief Judge, RICH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), Docket No. PH07528610537, upholding petitioner's removal from his position with the Department of Commerce (agency), is affirmed.
 
 OPINION
 
 2
 The Board affirmed the agency's decision to remove petitioner from his position as a law enforcement officer on charges of (1) misusing a government issued telephone credit card to make personal long-distance telephone calls, (2) engaging in off-duty misconduct involving the discharge of a firearm, and (3) failing to comply with agency regulations requiring the reporting of a shooting incident. Petitioner claims the Board erroneously rejected his self-defense argument when it upheld the charge of misuse of a firearm, and sustained the charge of failure to report a shooting incident because of an incorrect interpretation of agency regulations.
 
 
 3
 We need not address the contentions pertaining to the charges of misuse of a firearm and failure to report a shooting incident, however, because we conclude the Board correctly determined that petitioner misused a government credit card to make personal telephone calls, and this charge alone is sufficiently serious to warrant removal. See Kumferman v. Department of Navy, 785 F.2d 286, 291 (Fed.Cir.1986). Petitioner does not dispute that he used his government issued credit card to place 45 personal long-distance telephone calls, totaling 16 hours and 48 minutes, and costing the government $261.46.
 
 
 4
 The expense to the government was even greater than the charges for the unauthorized calls, however, because some of them were made during periods for which petitioner was collecting overtime pay. For example, on August 16, 1985, he collected overtime pay although he made a 71-minute personal telephone call. Likewise, on August 30, 1985, he collected overtime pay although he made 89 minutes of personal telephone calls.
 
 
 5
 As a law enforcement official, petitioner occupied a position of trust and responsibility. See Mings v. Department of Justice, 813 F.2d 384, 390 (Fed.Cir.1987). Moreover, he worked out of a single-agent duty station with no day-to-day supervision. The misuse of the government credit card could justifiably cause petitioner's supervisors to lose confidence in his ability to discharge his duties in a trustworthy manner. The Board's determination that the misuse of the telephone credit card was sufficient cause for petitioner's removal to promote the efficiency of the service was not arbitrary, capricious, or an abuse of discretion. 5 U.S.C. Sec. 7703(c); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).